**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

LESLIE R. LEONARDO,

        Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

        Defendant.

Case No. 2:18-cv-00279-CWH

**ORDER**

      The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Leslie Leonardo's ("Plaintiff") application for supplemental security income under Titles II and Title XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 18), filed June 4, 2018, and the Commissioner's response and cross-motion to affirm (ECF No. 24), filed August 30, 2018. The parties consented to have a United States magistrate judge conduct all proceedings in this case and order entry of a final judgment under 28 U.S.C. § 636(c). (Consent (ECF No. 13).)

## A. BACKGROUND

**1.    Procedural History**

      In May 26, 2016, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of November 1, 2014. AR[1] 81-82. Plaintiff's claim was denied initially, and on reconsideration. AR 151, 158. A hearing was held before an Administrative Law Judge ("ALJ"), and on July 21, 2017, the ALJ

---

[1]  AR refers to to Administrative Record in this matter.  (Notice of Manual Filing (ECF No. 16).)

issued a decision finding Plaintiff was not disabled.  AR 20-31.  The ALJ's decision became the

Commissioner's final decision when the Appeals Council denied review.  AR 2-5.  Plaintiff, on

February 14, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g).  *See*

ECF Nos. 1, 4.

**2.      The ALJ Decision**

The claimant met the insured status requirements of the Social Security Act through

September 21, 2121.  AR 22.  The ALJ followed the five-step sequential evaluation process set

forth in 20 C.F.R. §§ 404.1520 and 416.920.  AR 21-22.  At step one, the ALJ found that Plaintiff

had not engaged in substantial gainful activity from the alleged onset date of November 1, 2014.

AR 22.  At step two, the ALJ found that Plaintiff had medically determinable "severe"

impairments of depressive disorder and degenerative disc disease of the lumbar spine.  *Id.*  At

step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P,

Appendix 1.  AR 23.  At step four, the ALJ found that, through the date last insured, the claimant

had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and

416.967(b) except that she is unable to climb ladders, ropes or scaffolds, or balance.  She is able

to occasionally crouch and crawl, and frequently climb ramps and stairs, stoop and kneel.  She

needs to avoid work at unprotected heights or around dangerous machinery.  She is able to

occasionally interact with coworkers and supervisors, but she needs to avoid joint projects.  She

needs to avoid work involving high production quotas or fast paced activities.  She is capable of

unskilled, repetitive routine work of a simple task nature with few variables.  AR 24-25.  The ALJ

also noted that Plaintiff is unable to perform past relevant work.  AR 29.  At step five, the ALJ

found that Plaintiff is a younger individual age 18-49, has at least a high school education, and is

able to communicate in English.  *Id.*  Transferability of job skills is not material to the

determination of disability because using the Medical-Vocational Rules as a framework supports

a finding that the claimant is "not disabled," whether or not the claimant has transferable job

skills.  *Id.*  Considering the Plaintiff's age, education, work experience, and residual functional

capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can

perform. *Id.* Accordingly, the ALJ concluded that Plaintiff was not under a disability from November 1, 2014, through the date of the decision, on July 21, 2017.

## **B. DISCUSSION**

### 1. **Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to

determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; see also SSRs 96-4p and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

/ / /

/ / /

/ / /

**3.**      **Analysis**

*a. The ALJ's RFC Determination*

1.  Mental RFC

Plaintiff first challenges the ALJ's assessment of Plaintiff's mental RFC, arguing that the ALJ erroneously discounted the opinion of Plaintiff's treating psychologist in favor of the opinion of a non-examining state agency physician, and failed to provide adequate reasons for the weight accorded to each source. Specifically, she argues that Dr. Fyfe issued a mental capacity assessment that contradicts the RFC, indicating that Plaintiff is markedly limited in ability to perform activities within a schedule, maintain regular attendance, be punctual, or complete a normal workday or workweek without interference from symptoms, but the ALJ selectively discussed only the benign portions of the treatment notes. The Commissioner responds that the ALJ discussed the opinion in the decision and summarized the relevant objective findings in reaching the RFC.

The ALJ may not give controlling weight to a treating physician's medical opinion unless it is well-supported and not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's opinion . . . is well-supported . . . and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight"). An ALJ "will always give good reasons" in the decision for the weight given to a treating source's opinion. *Id.* A decision to discredit an uncontradicted medical source's opinion must be supported with "clear and convincing reasons. *See, e.g., Turner v. Comm'r of Soc. Sec.*, 613 F. 3d 1217, 1222 (9th Cir. 2010). Thus, to reject a treating physician's opinion, an ALJ must give good reasons that are supported by "clear and convincing reasons."

Here, the ALJ extensively reviewed and summarized psychological evidence of Plaintiff's mental illness. AR 26-27. He discussed in great detail Plaintiff's involuntary admissions, noting the details of her evaluations and discharge notes. He noted that she was not complaint with her medications, that she had numerous normal findings upon mental status examinations, had good insight, logical and goal directed thought process and normal thought, as well as depressive symptoms and some suicidal ideation. Hallucinations by Plaintiff were both claimed, and denied.

He found that treatment notes reveal that objective findings do not support the claimant's subjective complaints. He also considered the findings of state agency psychological consultants Dr. Soseh and Dr. Kotler. They opined that Plaintiff would be able to sustain adequate attention and concentration, as well as persistence and pace to complete simple tasks in a well-spaced work setting, and would be able to interact appropriately with co-workers. Accordingly, he gave great weight to their opinions because he found they are consistent with the record as a whole. AR 27.

The ALJ also extensively reviewed and summarized the relevant opinions and findings of Dr. Fyfe. AR 23-24. He found that the degree of limitations found by Dr. Fyfe are without substantial support from the other evidence of record, which renders it less persuasive, and specifically, that the record does not support a finding that the claimant's depressive disorder causes greater than moderate limitation in her ability to function. Accordingly, he gave little weight to Dr. Fyfe's opinion because he had clear and convincing reasons for doing so.

The court therefore concludes that in reaching the mental aspects of the RFC, the ALJ did not err in considering the consultative opinions of Drs. Soseh and Kotler in deciding that Plaintiff's RFC to include that she is "able to occasionally interact with coworkers and supervisors, but needs to avoid joint projects. She needs to avoid work involving high production quotas or fast paced activities. She is capable of unskilled, repetitive routine work of a simple task nature with few variables."

### 2. Physical RFC

Plaintiff next argues that the RFC is unsupported by substantial evidence because, despite acknowledging that Plaintiff suffers from severe degenerative disc disease, the ALJ failed to develop the record and obtain an opinion from a treating or examining source regarding her physical functional capacity. The Commissioner responds that the ALJ properly relied upon the opinion of the state agency physician in deciding the RFC.

It is the responsibility of the ALJ, not a physician, to determine residual functional capacity. *Vertigan v. Halter*, 260 F. 3d 1044, 1049 (9th Cir. 2001). It is the ALJ's duty to review and interpret the medical opinion evidence and state his findings. 20 C.F.R. 404.1527; *Magallanes v. Bowen*, 881 F. 2d 747, 755 (9th Cir. 1989) (the specific and legitimate standard

was met where the ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings"). The ALJ is not required to accept all the limitations found by the state agency doctors. *Id.* (When weighing a medical opinion, the ALJ can consider some portions less significant than others when evaluated against other evidence in the record).

Here, the ALJ explained that the record did not reveal the type of significant findings that would support the Plaintiff's allegation of disabling back pain. He discussed the admission and treatment notes at several treatment centers, noting that although a lumbar spine MRI revealed spondylitic changes with disc bulge and radiculopathy, she was not in acute stress, reported doing fair, had no neurological deficits, and had normal range of motion and ambulation. AR 27-28. He also noted that she had received some relief from trigger point injections, and had 5/5 strength in her lower extremities.

The ALJ explained that he gave great weight to state agency Dr. Ribeiro's opinion, which was that Plaintiff could perform work at light exertional level, because it is consistent with the record as a whole. AR 28. State agency medical consultants and other program physicians are "highly qualified" physicians who are also experts in Social Security disability evaluation. *See* 20 C.F.R. 404.1513a(b)(1). *See Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) ("the opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record").

The ALJ also found that Plaintiff had admitted certain abilities which provide support for part of the RFC conclusions—that she lives alone and cares for herself, shops, prepares meals, handles her finances, and has hobbies and spends time with others. She also worked after the alleged onset date, and although that work activity did not constitute disqualifying substantial gainful activity, it does indicate that claimant's daily activities have, at least at times, been somewhat greater than she had reported. AR 28.

Under these circumstances, the ALJ did not err when he considered the clinical evidence and stated his RFC conclusions that included a limitation that Plaintiff could perform light work.

The ALJ evaluated the medical evidence and opinions and made a rational interpretation of the overall record. *See Batson*, 359 F.3d at 1196 ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ"). It is within the ALJ's province to resolve any conflicts in opinion and interpret the medical opinion evidence. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).

### C.  CONCLUSION

Viewing the evidence as a whole, the court finds that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's cross-motion to affirm (ECF No. 24) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must enter judgment in favor of Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Leslie Leonardo.


DATED: January 29, 2019


_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE